# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * *    *
ETTA B. McINTOSH,                      *
                                       *    No. 16-29V
                  Petitioner,          *    Special Master Christian J. Moran
                                       *
v.                                     *    Filed: December 18, 2017
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *    Attorneys' fees and costs; waiver
                                       *
                  Respondent.          *
* * * * * * * * * * * * * * * * * *    *
```

<u>Diana L. Stadelnikas</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for
Petitioner;
<u>Adriana R. Teitel</u>, United States Dep't of Justice, Washington, DC, for
Respondent.

### <u>UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

    After receiving compensation through the Vaccine Program, Etta McIntosh
filed a motion for attorneys' fees and costs. Ms. McIntosh is awarded the full
amount of her request, **$16,447.78**.

                     \*       \*       \*

    Ms. McIntosh alleged that the influenza vaccination caused her to suffer
transverse myelitis. The parties agreed to a stipulation resolving the amount of
compensation. The stipulation was incorporated into a decision awarding Ms.
McIntosh compensation. <u>Decision</u>, issued Aug. 11, 2017, 2017 WL 3910145.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing
redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).
Any redactions ordered by the special master will appear in the document posted on the website.

With the merits of Ms. McIntosh's case resolved, the parties addressed attorneys' fees and costs.

Ms. McIntosh filed an attorneys' fees and costs petition on November 29, 2017, requesting $15,139.80 in fees and $1,307.98 in costs.  Ms. McIntosh did not incur any costs personally.  See Pet'r's Mot., Exhibit #15, filed Nov. 29, 2017, (General Order #9 statement).

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed Dec. 13, 2017, at 2.  The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award.  Id. at 3.

Ms. McIntosh reaffirmed her fees request in a reply filed on December 14, 2017.  Ms. McIntosh also argued in her reply that the Secretary's position of not presenting any specific objections and deferring to the Special Master's discretion was overly burdensome on petitioners and Special Masters.

This matter is now ripe for adjudication.

\*       \*       \*

Because Ms. McIntosh received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).

Pursuant to the rationale established in Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[2] the Secretary has waived any objections to the amount of fees requested. Absent any objections, Ms. McIntosh's request for attorneys' fees and costs is GRANTED IN FULL:

**A lump sum of $16,447.78 in the form of a check made payable to petitioner and petitioner's attorney, Diana L. Stadelnikas.**

---

[2] In Swintosky, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

2

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.