# In the United States Court of Federal Claims

No. 16-29V
Filed: June 14, 2018
Re-issued for Publication: July 9, 2018[1]

* * * * * * * * * * * * * * * * * *
                                        *
**ETTA B. MCINTOSH,**                   *
                                        *
              **Petitioner,**           *
                                        *
       v.                               *      **Vaccine Act; Reasonable Attorneys'**
                                        *      **Fees and Costs; Responsibility for**
**SECRETARY OF THE DEPARTMENT**         *      **Review.**
**OF HEALTH AND HUMAN**                 *
**SERVICES,**                           *
                                        *
              **Respondent.**           *
                                        *
* * * * * * * * * * * * * * * * * *

**Jennifer Ann Gore Maglio**, Maglio Christopher & Toale, PA, Sarasota, Florida, for petitioner. With her was **Diana L. Stadelnikas,** Maglio Christopher & Toale, PA, Sarasota, Florida.

**Voris E. Johnson Jr.**, Senior Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C. for respondent.  With him were **Chad A. Readler**, Acting Assistant Attorney General, **C. Salvatore D'Alessio**, Acting Director, **Catherine E. Reeves**, Deputy Director, **Heather C. Pearlman**, Assistant Director, Torts Branch, Civil Division.

**O P I N I O N**

<u>HORN, J.</u>

On January 7, 2016, petitioner,[2] Etta B. McIntosh, filed a timely petition for compensation with the National Vaccine Injury Compensation Program, under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012)

---

[1] This opinion was issued under seal on June 14, 2018. The parties did not propose redactions to the June 14, 2018 opinion, thus, the court issues the decision without redactions for public distribution.

[2] Although, as described below, the government filed the motion for review in this court in the above captioned case, because the petitioner, Ms. McIntosh, filed the initial petition, she remains identified as the petitioner for the motion for review, and the government remains identified as the respondent.

alleging that a flu vaccine she received on October 28, 2013 caused her to sustain an injury subsequently diagnosed as transverse myelitis.

On August 10, 2017, the petitioner and the respondent, the Secretary of the United States Department of Health and Human Services, filed a joint stipulation resolving compensation between the parties, and on August 11, 2017, Special Master Christian J. Moran of the United States Court of Federal Claims issued a decision finding that the stipulation was "reasonable" and adopted it as the decision of the Special Master.[3] See McIntosh v. Sec'y of Health & Human Servs., No. 16-29V, 2017 WL 6945565 (Fed. Cl. Spec. Mstr. Aug. 11, 2017). Judgment was entered on August 18, 2017.

On November 29, 2017, petitioner's counsel filed a motion for attorneys' fees and reimbursement of case costs with Special Master Moran. Petitioner's counsel noted in the motion that, "[p]rior to filing this motion undersigned counsel attempted to resolve the amount of attorneys' fees and costs with Respondent, providing the relevant materials to the Respondent's counsel on September 20, 2017, but unfortunately, Counsel for Respondent has advised they are no longer reviewing motions for attorneys' fees." In the motion, petitioner's counsel indicated that "[p]etitioner incurred attorneys' fees in the litigation of this matter in the amount of $15,139.80," and "[p]etitioner incurred case costs in the litigation of this matter in the amount of $1,307.98." Therefore, petitioner's counsel asked the Special Master to award attorneys' fees and costs in the amount of $16,447.78.

On December 13, 2017, respondent, the Secretary of the United States Department of Health and Human Services, represented by the United States Department of Justice, filed a response, and indicated that "[n]either the Vaccine Act nor Vaccine Rule 13 [of the Vaccine Rules of the United States Court of Federal Claims, Appendix B (2017) (Vaccine Rules)] contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Respondent continued:

> To the extent the Special Master is treating petitioner's request for attorneys' fees and costs as a motion that requires a response from respondent, respondent states the following:  Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. See 42 U.S.C. § 300aa-15(e)(1)(A)-(B). The Federal Circuit has made it clear that "the determination of the amount of reasonable attorneys' fees is within the special master's discretion." Saxton v. HHS, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special Masters are thus accorded "wide discretion in determining the reasonableness" of a petitioner's request for reasonable attorneys' fees and costs. Perreira v. HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

Respondent concluded by stating: "Respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys'

---

[3] The stipulation called for a lump sum payment of $1,596.68 to the Alabama Medicaid Agency and a lump sum payment of $100,000.00 to petitioner.

fees and costs." (footnote omitted). Respondent, the Secretary of the Department of Health and Human Services, added in a footnote:

> Respondent no longer has sufficient resources to provide detailed objections to requests for attorneys' fees and costs, which it previously provided as a courtesy to the Court. In addition, in respondent's experience, providing detailed objections only leads to "a second major litigation" over fees, as cautioned against by the Supreme Court in Fox [ v. Vice, 563 U.S. 826 (2011)[4]], as well as supplemental fee requests that are routinely granted by the Court (i.e., "fees for fees"), which negate any purpose of the objections asserted by respondent.

In her reply brief, petitioner's counsel noted that "[p]etitioner provided both detailed fees and costs invoices, as well as undersigned counsel's Affidavit, and Petitioner's Statement Regarding Costs." In addition, petitioner's counsel stated, "[r]espondent has not submitted evidence or persuasive argument in opposition. For these reasons, Petitioner has demonstrated the reasonableness of her requested fees and case costs." Petitioner's counsel, however, also emphasized that:

> Respondent incorrectly claims that it has no part in Petitioner's request for compensation under section 15(e) of the Vaccine Act. However, Respondent has had and does have an important role in responding to motions for attorneys' fees and costs in that the Act contemplates attorneys' fees and costs as "part of [Petitioner's] compensation. . ." 42 U.S.C. 300aa-15(e)(1). Moreover, section 20(b) of the Vaccine Act, lays out general procedures and establishes deadlines for Respondent to respond to motions filed by Petitioner. 42 U.S.C. 300aa-20(b)(1).[[5]]

---

[4] Fox v. Vice is a United States Supreme Court decision in a fee shifting case, which, while cautioning against a "second major litigation" for fees, Fox v. Vice, 563 U.S. at 838, does not address which entity involved in the litigation does, or does not, have a responsibility towards resolving the attorneys' fees and costs request.

[5] The court notes that there is no Section 20 of the Vaccine Act. Perhaps petitioner's counsel may have intended to cite to 42 U.S.C. § 300aa–12. That provision of the Vaccine Act provides, in part:

> (a) General rule

> The United States Court of Federal Claims and the United States Court of Federal Claims special masters shall, in accordance with this section, have jurisdiction over proceedings to determine if a petitioner under section 300aa-11 of this title is entitled to compensation under the Program and the amount of such compensation. The United States Court of Federal Claims may issue and enforce such orders as the court deems necessary to assure the prompt payment of any compensation awarded.

3

(internal citation omitted; second bracket in original).

On December 18, 2017, Special Master Moran issued his decision on attorneys' fees and costs in the above captioned <u>McIntosh</u> case.  The Special Master's very brief decision stated in full:

> After receiving compensation through the Vaccine Program, Etta McIntosh filed a motion for attorneys' fees and costs. Ms. McIntosh is awarded the full amount of her request, $16,447.78.
>
> \* \* \*
>
> Ms. McIntosh alleged that the influenza vaccination caused her to suffer transverse myelitis. The parties agreed to a stipulation resolving the amount of compensation. The stipulation was incorporated into a decision awarding Ms. McIntosh compensation. Decision, issued Aug. 11, 2017, 2017 WL 3910145. With the merits of Ms. McIntosh's case resolved, the parties addressed attorneys' fees and costs.

---

> (b) Parties
>
> (1) In all proceedings brought by the filing of a petition under section 300aa-11(b) of this title, the Secretary shall be named as the respondent, shall participate, and shall be represented in accordance with section 518(a) of Title 28.
>
> (2) Within 30 days after the Secretary receives service of any petition filed under section 300aa-11 of this title the Secretary shall publish notice of such petition in the Federal Register. The special master designated with respect to such petition under subsection (c) of this section shall afford all interested persons an opportunity to submit relevant, written information--
>
> (A) relating to the existence of the evidence described in section 300aa-13(a)(1)(B) of this title, or
>
> (B) relating to any allegation in a petition with respect to the matters described in section 300aa-11(c)(1)(C)(ii) of this title.

42 U.S.C. § 300aa–12(a)-(b) (2012). Alternatively, petitioner's counsel may have meant to refer to Vaccine Rule 20.  Vaccine Rule 20 is titled: "Motions and Other Papers; Time for Filing; Oral Argument," which, states, in relevant part: "Unless otherwise provided in these rules or by order of the special master or the court, a response or an objection to a written motion must be filed within 14 days after service of the motion." Vaccine Rule 20(b) (2017).

Ms. McIntosh filed an attorneys' fees and costs petition on November 29, 2017, requesting $15,139.80 in fees and $1,307.98 in costs. Ms. McIntosh did not incur any costs personally.

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award.

Ms. McIntosh reaffirmed her fees request in a reply filed on December 14, 2017. Ms. McIntosh also argued in her reply that the Secretary's position of not presenting any specific objections and deferring to the Special Master's discretion was overly burdensome on petitioners and Special Masters.

This matter is now ripe for adjudication.

* * *

Because Ms. McIntosh received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa−15(e).

Pursuant to the rationale established in Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[6] the Secretary has waived any objections to the amount of fees

---

[6] Swintosky v. Secretary of Health & Human Services was a decision also issued by Special Master Moran only six weeks before the decision in McIntosh. See Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017). The court notes that Special Master Moran, has used similar language in other recent fee decisions. See, e.g., Phillips v. Sec'y of Health & Human Servs., No. 15-1118V, 2018 WL 1193701 (Fed. Cl. Spec. Mstr. Mar. 8, 2018); M.D. by Dilascio v. Sec'y of Health & Human Servs., No. 10-611V, 2018 WL 1095662 (Fed. Cl. Spec. Mstr. Jan. 4, 2018); Van Alst on behalf of J.V. v Sec'y of Health & Human Servs., No. 15-1180V, 2018 WL 655043 (Fed. Cl. Spec. Mstr. Jan. 4, 2018); Z.I. by Iyaz v. Sec'y of Health & Human Servs., No. 15-622V, 2018 WL 655041 (Fed. Cl. Spec. Mstr. Jan. 2, 2018); Whaley v. Sec'y of Health & Human Servs., No. 16-192V, 2017 WL 6945567 (Fed. Cl. Spec. Mstr. Dec. 20, 2017); Nizza v. Sec'y of Health & Human Servs., No. 16-838V, 2017 WL 6945570 (Fed. Cl. Spec. Mstr. Dec. 18, 2017); Miller v. Sec'y of Health & Human Servs., No. 16-637V, 2017 WL 6945569 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); Worley v. Sec'y of Health & Human Servs., No. 16-631V, 2017 WL 6945568 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); Steck v. Sec'y of Health & Human Servs., No. 16-177V, 2017 WL 6945566 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); Tavano v. Sec'y of Health & Human Servs., No. 15-1206V, 2017 WL 6945564 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); Ruth v. Sec'y of Health & Human Servs., No. 15-855V, 2017 WL 6945563 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); Martin on behalf of A.N.M. v. Sec'y of Health & Human Servs., No. 15-715V, 2017 WL 6945562 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); Spahn v. Sec'y of Health & Human Servs., No. 09-386V, 2017 WL 6945560 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); Baumgartner v. Sec'y of

requested.  Absent any objections, Ms. McIntosh's request for attorneys'
fees and costs is GRANTED IN FULL:

_____

Health & Human Servs., No. 15-970V, 2017 WL 6820055 (Fed. Cl. Spec. Mstr. Dec. 13,
2017); Adams v. Sec'y of Health & Human Servs., No. 14-231V, 2017 WL 6820054 (Fed.
Cl. Spec. Mstr. Dec. 13, 2017); Hubbard v. Sec'y of Health & Human Servs., No. 16-
1059V, 2017 WL 6816715 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); Evans v. Sec'y of Health
& Human Servs., No. 16-240V, 2017 WL 6816710 (Fed. Cl. Spec. Mstr. Dec. 13, 2017);
Jones v. Sec'y of Health & Human Servs., No. 15-906V, 2017 WL 6816708 (Fed. Cl.
Spec. Mstr. Dec. 13, 2017).  In fact, Special Master Moran issued twelve of the above
cited decisions on the same date, December 13, 2017.

In sum, Special Master Moran has cited to his own decision in Swintosky on 20 occasions,
including the above captioned McIntosh case, and each time, with one recent exception,
Special Master Moran states, with only slight variations, that "the undersigned finds that
the Secretary has waived any objections to the amount of fees requested," and cites to
Swintosky. For example, in M.D. by Dilascio v. Secretary of Health and Human Services,
after determining that although Ms. Dilascio did not receive any compensation, she,
nevertheless, was "eligible for an award of attorneys' fees and costs," Special Master
Moran concluded that: "Pursuant to the rationale established in Swintosky, the
undersigned finds that the Secretary has waived any objections to the amount of fees
requested. No. 12–403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017). Absent
any objections, Ms. Dilascio's request for attorneys' fees and costs is GRANTED IN
FULL. . . ." M.D. by Dilascio v. Sec'y of Health & Human Servs., 2018 WL 1095662, at *1
(capitalization in original; footnote omitted). Similarly, in Van Alst on behalf of J.V. v.
Secretary of Health and Human Services, after determining that Ms. Alst was not entitled
to compensation, Special Master Moran concluded that "Ms. Van Alst is eligible for an
award of attorneys' fees and costs. Pursuant to the rationale established in Swintosky,
the undersigned finds that the Secretary has waived any objections to the amount of fees
requested. No. 12–403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017). Absent
any objections, Ms. Van Alst's request for attorneys' fees and costs is GRANTED IN
FULL. . . ." Van Alst on behalf of J.V. v Sec'y of Health & Human Servs., 2018 WL 655043,
at *1 (capitalization in original; footnote omitted).

The sole decision in which Special Moran cites to Swintosky, but offers a somewhat fuller
explanation, is the recent decision in Abbott v.  Secretary of Health and Human Services,
No. 10-485V, 2018 WL 2423571 (Fed. Cl. Spec. Mstr. May 3, 2018), which was issued
after Judge Kaplan issued her opinion in Dominguez, in which Judge Kaplan of the United
States Court of Federal Claims criticized Special Master Moran's waiver theory articulated
in Swintosky and remanded the case back to Special Master Moran. See Dominguez v.
Sec'y of Health & Human Servs., 136 Fed. Cl. 779 (Fed. Cl. 2018). Judge Kaplan's
decision in Dominguez is discussed in depth bellow.

**A lump sum of $16,447.78 in the form of a check made payable to petitioner and petitioner's attorney, Diana L. Stadelnikas.[7]**

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa–15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

McIntosh v. Sec'y of Health & Human Servs., 2017 WL 6945565, at *1 (capitalization, asterisks, and emphasis in original; footnotes and internal citations omitted).

On January 16, 2018, respondent, the Secretary of the Department of Health and Human Services, as represented by the United States Department of Justice, filed a motion for review in this court in the above captioned McIntosh case of Special Master Moran's decision on attorneys' fees and costs.  Respondent states:

Respondent's enumerated objection to the Decision is as follows: The special master abused his discretion when he failed to make a finding regarding the reasonableness of petitioner's application for attorneys' fees and costs, and instead simply awarded petitioner "the full amount of his request" on the sole asserted basis that respondent "has waived any objections to the amount of fees requested."

Respondent indicates in the memorandum filed in this court with its motion for review that the Special Master "failed to fulfill his statutory obligation to make a finding regarding the reasonableness of petitioner's application for attorneys' fees and costs, and instead simply awarded petitioner 'the full amount of her request' on the sole – and erroneous – basis that respondent 'has waived any objections to the amount of fees requested.'" Respondent continues:  "The special master's Decision constitutes an improper abrogation of his statutory duty and a patent abuse of discretion." Therefore, respondent argues that: "The Decision must be reversed, and the matter should be remanded back to the special master for an appropriate determination regarding the reasonableness of this specific request for fees and costs."

Respondent, the Secretary of the Department of Health and Human Services, also argues that "[t]he process for adjudicating fee applications in the Vaccine Program is broken." Respondent notes that:

The Decision also raises to a boil a broader conflict that has been simmering in the Vaccine Program for the past few years. Specifically, the process used in the past to resolve fee applications is no longer viable given the

---

[7] Diana L. Stadelnikas was petitioner's counsel of record before Special Master Moran and initially before this court. On March 14, 2018, this court granted petitioner's motion to substitute Jennifer Ann Gore Maglio as counsel of record for petitioner.

present realities of Vaccine Act practice. The special master points at respondent for bringing about this failure, but it is the special masters, not respondent, who wield the authority to control the process, and it is the special masters who have rejected respondent's recent attempts to make that process more streamlined and efficient.

Respondent, the Secretary of the Department of Health and Human Services, continues:

To be sure, the special master's complaint about the onerous nature of analyzing fee applications is well-taken, as respondent undertook that role for many years and fully understands how time-consuming it can be. In fact, given the sheer number of claims now being filed under the Act, it is no longer possible for either respondent or the special masters to conduct granular, line-by-line examinations of petitioners' fee applications. Rather, a process that incorporates both standardization and flexibility, based on fundamental fairness to all interested parties, offers the only viable solution. Respondent stands willing to work with the special masters and petitioners to develop such a process, and if the special masters were to implement procedures and guidelines that take respondent's interests consideration, respondent of course would be willing to participate in a way that this special master might find more meaningful.

Respondent, however, reiterates that despite the broken nature of the system, Special Master Moran was not permitted to rely on waiver by the government, or to use that alleged waiver to find petitioner was entitled to all attorneys' fees and costs requested without further review by the Special Master to determine whether the attorneys' fees and costs were reasonable.

Petitioner's counsel first responds that "Petitioner must raise the question of whether Respondent may even seek review of the award of fees and costs below given Respondent's failure to object to the motion for fees and costs in the proceedings before the Special Master." Petitioner also argues that "[i]n support of her motion for fees, Petitioner submitted a breadth of evidence, including detailed fees and costs invoices with supporting documentation, Petitioner's Statement regarding Fees, counsel's Affidavit, and the Affidavit of counsel's managing partner," and "[a]fter reviewing the evidence and pleadings submitted, the Special Master found that '[b]ecause Ms. McIntosh received compensation, she is entitled to an award of reasonable attorneys' fees and costs' and awarded Petitioner her requested fees and costs." Petitioner's counsel also notes that the Special Master found that "the Secretary has waived any objections to the amount of fees requested." McIntosh v. Sec'y of Health & Human Servs., 2017 WL 3915145, at *5. Petitioner's counsel further indicated that she was unconvinced of respondent's arguments of a broken system, noting:

[P]rior to Respondent's determination to abstain from participating in the fees process in 2016, most fees awards were resolved by stipulation of the parties and did not require extensive litigation. Thus, this proclaimed crisis of fees litigation is one largely of Respondent's making. Respondent's reasons for unilaterally announcing in 2016 that it would no longer play in the sandbox of fees are not valid justifications for his withdrawal from the litigative process. Further, having decided to withdraw, Respondent cannot now complain of the consequences of his decision.

(citations omitted). Finally, petitioner's counsel notes that:

After complaining about the fees procedures employed by the special masters and lamenting a crisis of his own making, Respondent suggests in his brief that this Court mandate a new administrative-style procedure for fees proceedings. This suggestion is problematic as it invites this Court to rewrite the Vaccine Act; a task reserved for Congress rather than the courts.

In the reply filed in support of its motion for review, respondent, the Secretary of the Department of Health and Human Services, reiterates that the government has not waived its rights to challenge a fee request by a petitioner's counsel for attorneys' fees and costs. The Secretary of the Department of Health and Human Services, as represented by the Department of Justice, indicates that this court should "reject the special master's interpretation of the law," and argues that "the Decision should be reversed and remanded for an appropriate determination of a reasonable fee award." Respondent, the Secretary of the Department of Health and Human Services, also states that "[p]etitioner appears to misunderstand the basis for respondent's appeal. Respondent is not asserting that the special master necessarily erred by awarding fees and costs that were unreasonable. Rather, the error lay in <u>failing to make any finding at all</u> regarding the reasonableness of the fees and costs awarded." (emphasis in original). Respondent also objects to the finding by Special Master Moran that the respondent waived its right to challenge a fee request submitted by a petitioner's counsel.[8] Respondent continues: "Otherwise put, it is impossible to discern from the special master's decision whether he believes the fees and costs awarded are reasonable, and

_____

[8] Although respondent, the Secretary of the Department of Health and Human Services, argues that it is the Special Master's responsibility to consider the "Vaccine Act's fee-shifting provision," 42 U.S.C. § 300aa-15(e), that the government has no role to play during the review of petitioners' counsel's requests for attorneys' fees and costs, and that a major issue of the Special Master's decision was the absence of any analysis, the court notes that, respondent, nonetheless, did participate in petitioner's counsel's attorneys' fees and costs review to a very limited extent when it indicated to Special Master Moran, albeit without further explanation, that "[t]o the extent the Special Master is treating petitioner's request for attorneys' fees and costs as a motion that requires a response from respondent, respondent states the following:  Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," (citing 42 U.S.C. § 300aa-15(e)(1)(A)-(B)), perhaps as an attempt to avoid waiver.

why, because he expressly declined to engage in any analysis of the fee request." Respondent also asserts:

> Respondent agrees with petitioner that it is beyond this Court's authority to rewrite the Vaccine Act, although respondent submits that the plain language of Section 15(e) and the Federal Circuit's opinion in Saxton[, 3 F.3d 1517 (Fed. Cir. 1993)] already endorse his position. Petitioner is also correct that respondent is hopeful that his arguments will prompt the special masters to reform the procedures used to resolve fee applications. By affirming the special master's independent duty under Section 15(e) to assess fee applications for reasonableness, the Court will reinforce that the special masters are stakeholders in the process, and may encourage them to consider procedures for resolving fee applications that offer respondent a reason to participate more substantively.

The court held oral argument on respondent's motion for review of Special Master Moran's decision on attorneys' fees and costs, which was followed by a supplemental filing at the request of the court by the Secretary of the Department of Health and Human Services.

## DISCUSSION

The motion for review filed by the Secretary of the Department of Health and Human Services does not challenge the merits of petitioner's underlying entitlement to compensation or challenge the possible validity of any specific amount of attorneys' fees or costs sought by petitioner's counsel. Rather, the motion for review seeks a determination that the Special Master's decision to award the full amount of petitioner's counsel's attorneys' fees and costs without an examination of the reasonableness of the fees and costs was "a patent abuse of discretion," and that the Secretary of the Department of Health and Human Services, as represented by the United States Department of Justice, has not waived its right to challenge a fee request or a fee award by a Special Master, even when it abstains from reviewing and specifically responding to the attorneys' fees and costs requests submitted by petitioners' counsel.

When reviewing a Special Master's decision, the assigned Judge of the United States Court of Federal Claims shall:

> (A)  uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

> (B)  set aside any findings of fact or conclusions of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

> (C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2). The legislative history of the Vaccine Act states: "The conferees have provided for a limited standard for appeal from the [special] master's decision and do not intend that this procedure be used frequently, but rather in those cases in which a truly arbitrary decision has been made." H.R. Rep. No. 101-386, at 517 (1989) (Conf. Rep.), reprinted in 1989 U.S.C.C.A.N. 3018, 3120.

Regarding the standard of review, articulated in Markovich v. Secretary of Health and Human Services, the United States Court of Appeals for the Federal Circuit wrote, "[u]nder the Vaccine Act, the Court of Federal Claims reviews the Chief Special Master's decision to determine if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.' 42 U.S.C. § 300aa-12(e)(2)(B)." Markovich v. Sec'y of Health & Human Servs., 477 F.3d 1353, 1355-56 (Fed. Cir.), cert. denied, 552 U.S. 816 (2007); see also Deribeaux ex rel. Deribeaux v. Sec'y of Health & Human Servs., 717 F.3d 1363, 1366 (Fed. Cir.) (The United States Court of Appeals for the Federal Circuit stated that "we 'perform[ ] the same task as the Court of Federal Claims and determine[ ] anew whether the special master's findings were arbitrary or capricious.'" (quoting Lampe v. Sec'y of Health & Human Servs., 219 F.3d 1357, 1360 (Fed. Cir. 2000))) (brackets in original), reh'g and reh'g en banc denied (Fed. Cir. 2013); W.C. v. Sec'y of Health & Human Servs., 704 F.3d at 1355; Hibbard v. Sec'y of Health & Human Servs., 698 F.3d 1355, 1363 (Fed. Cir. 2012); Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347 (Fed. Cir.) ("Under the Vaccine Act, we review a decision of the special master under the same standard as the Court of Federal Claims and determine if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" (quoting 42 U.S.C. § 300aa-12(e)(2)(B))), reh'g and reh'g en banc denied (Fed. Cir. 2008); de Bazan v. Sec'y of Health & Human Servs., 539 F.3d 1347, 1350 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2008); Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1277 (Fed. Cir. 2005); Dodd v. Sec'y of Health & Human Servs., 114 Fed. Cl. 43, 47 (2013); Taylor v. Sec'y of Health & Human Servs., 108 Fed. Cl. 807, 817 (2013). The arbitrary and capricious standard is "well understood to be the most deferential possible." Munn v. Sec'y of Health & Human Servs., 970 F.2d 863, 870 (Fed. Cir. 1992).

Regarding attorneys' fees and costs, the Vaccine Act at 42 U.S.C. § 300aa-15(e)(1), provides:

> (1) In awarding compensation on a petition filed under section 300aa-11 of this title the special master or court shall also award as part of such compensation an amount to cover--
>
> (A) reasonable attorneys' fees, and
>
> (B) other costs, incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any

proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e)(1); see also Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010). "In Vaccine Act cases before this Court contesting a special master's determination of reasonable attorney's fees, the applicable standard of review is abuse of discretion." Scharfenberger v. Sec'y of Health & Human Servs., 124 Fed. Cl. 225, 231 (2015) (citing Hall v. Sec'y of Health & Human Servs., 640 F.3d 1351, 1356 (Fed. Cir. 2011)), appeal dismissed (Fed. Cir. 2016); see also Dominguez v. Sec'y of Health & Human Servs., 136 Fed. Cl. at 782. As indicated by the Federal Circuit in Hall, "Section 300aa–15(e) states that 'the special master or court shall also award as part of such compensation an amount to cover . . . reasonable attorneys' fees.' Thus, the statute leaves it to the special master's discretion to find what constitutes reasonable fees." Hall v. Sec'y of Health & Human Servs., 640 F.3d at 1356.

As noted above, Special Master Moran in his decision on petitioner's counsel's request for attorneys' fees and costs in the above captioned case, referred to his own decision in Swintosky v. Secretary of Health & Human Services. See Swintosky v. Sec'y of Health & Human Servs., 2017 WL 5899239.[9] Special Master Moran in his very brief decision in the above captioned McIntosh case indicated: "Pursuant to the rationale established in Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017) the Secretary has waived any objections to the amount of fees requested. Absent any objections, Ms. McIntosh's request for attorneys' fees and costs is GRANTED IN FULL. . . ." (capitalization in original; footnote omitted). McIntosh v. Sec'y of Health & Human Servs., 2017 WL 6945565, at *1. In Swintosky, as in the above captioned McIntosh case, Special Master Moran stated:

The Secretary filed a response to the Swintoskys' motion for attorneys' fees and costs. The Secretary stated that the statutory prerequisites for an award of attorneys' fees and costs have been met in this case, but does not engage in an analysis of the reasonableness of the award. Without making any specific objections to the requested fees and costs, the Secretary only "recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."

Swintosky v. Sec'y of Health & Human Servs., 2017 WL 5899239, at *2 (internal citations omitted).  In Swintosky, Special Moran also explained that "[t]he Secretary now states he fulfills the duty to 'participate' by simply deferring to the special master's discretion. However, the lack of an objection from the Secretary places the special master in an awkward situation." Id.

---

[9] As described above, Swintosky has been cited 21 times in fees and costs decisions, 20 times by Special Master Moran, who wrote the Swintosky decision, and once by Judge Kaplan of the United States Court of Federal Claims in Dominguez v. Secretary of Health & Human Services, 136 Fed. Cl. 779. The Dominguez case is discussed more fully below.

Further in <u>Swintosky</u>, Special Master Moran emphasized:

> The Secretary also argues that Vaccine Rule 13 does not mention a role for
> the Government in the application for attorneys' fees. This argument misses
> the point that a fee application, as a motion, is also governed by Vaccine
> Rule 20, which lays out general procedures and establishes deadlines for
> responses to motions. Thus, the silence in § 300aa–15(e) or in Vaccine
> Rule 13 on the Secretary's role does not excuse the Secretary from meeting
> an obligation to present meaningful arguments.

<u>Id.</u> at *4 (internal references omitted).

In <u>Swintosky</u>, Special Master Moran continued "[t]he undersigned acknowledges
that finding the Secretary has waived any objections to attorneys' fees differs from the
way the undersigned has usually adjudicated fee motions." He also stated that "[s]everal
factors contribute to the undersigned's change in the method of analysis. First, the
undersigned is not aware of any Federal Circuit case that requires a judicial officer to
challenge fee applications sua sponte. Further, the undersigned's decisions are not
binding." <u>Id.</u> at *5. Special Master Moran also noted in <u>Swintosky</u> that he raised the waiver
issue with the parties at a status conference, and that "the Secretary's decision to refrain
from identifying specific problems in a fee application alters the triangular relationship
among petitioners, the Secretary, and special masters." <u>Id.</u> Special Master Moran
concluded in <u>Swintosky</u>:

> It is one thing for special masters to adjust a fee application when the need
> for the special master's sua sponte intervention appears derived, at least in
> part, from an accidental oversight. But, the situation is different when the
> Secretary intentionally follows a practice of not presenting objections. The
> Secretary's deliberate choice not to object to amounts requested in fee
> applications combined with the Swintoskys' assertion that the Secretary has
> waived any objection prompts the undersigned's change in policy.

<u>Id.</u> at *6 (footnote omitted).

Judge Kaplan of the United States Court of Federal Claims recently was faced with
a nearly identical appeal from an attorneys' fees and costs decision by Special Master
Moran in <u>Dominguez v. Secretary of Health & Human Services</u>, 136 Fed. Cl. 779, as is at
issue in the case currently under review, albeit regarding a fee request for interim fees
and costs.  In <u>Dominguez</u>, Special Master Moran likewise had found that:

> Pursuant to the rationale established in <u>Swintosky v. Sec'y of Health &
> Human Servs.</u>, No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov.
> 6, 2017), the Secretary has waived any objections to the amount of fees
> requested. Absent any objections, Mr. Rodriguez's [sic] request for interim
> attorneys' fees and costs is GRANTED IN FULL. . . .

<u>Dominguez v. Sec'y of Health & Human Servs.</u>, No. 12-378V (Fed. Cl. Spec. Mstr. filed Dec. 18, 2017) (capitalization in original; footnote omitted). In <u>Dominguez</u>, when considering respondent's motion for review, Judge Kaplan noted:

> The special master [Special Master Moran] did not take kindly to the Secretary's pronouncement of deference to the special master's discretion and the Secretary's statement of intent not to engage with the specifics of the fee application. Rather, he opined that the Secretary's failure to provide views regarding the reasonableness of the fee request was inconsistent with the Secretary's obligation to "participate" in "all proceedings brought by the filing of a petition." <u>Id.</u> [Swintosky v. Sec'y of Health & Human Servs., 2017 WL 5899239, at *2] (quoting 42 U.S.C. § 300aa–12(b)(1)).

<u>Dominguez v. Sec'y of Health & Human Servs.</u>, 136 Fed. Cl. at 783. Judge Kaplan wrote:

> He [Special Master Moran] issued an award of fees and costs without determining whether the hours claimed were reasonable and without finding that the requested hourly rate reflected the prevailing market rate in the relevant community. Doing so appears to be patently at odds with the explicit language of the Vaccine Act, which provides that "the special master . . . may award an amount of compensation <u>to cover petitioner's reasonable attorneys' fees and other costs</u>." 42 U.S.C. § 300aa–15(e)(1) (emphasis added). The statute thus cabins the special master's statutory authority to award compensation for attorneys' fees by requiring that the fees and costs awarded be reasonable.

<u>Dominguez v. Sec'y of Health & Human Servs.</u>, 136 Fed. Cl. at 783.  Judge Kaplan in <u>Dominguez</u> concluded that "[i]n this case, the special master abused his discretion by awarding Petitioner attorneys' fees and costs without determining whether the fees and costs awarded were reasonable." <u>Id.</u> at 786.

The undersigned agrees with Judge Kaplan's reasoning on the responsibilities of the Special Masters. The Vaccine Act plainly requires a Special Master to determine that the fees and costs requested by a petitioner's attorney were reasonable before making an award.  The statute twice uses the phrase "reasonable attorneys' fees" regarding the obligations of the Special Masters. As described above, the Vaccine Act at 42 U.S.C. § 300aa-15(e)(1), provides:

> (1) In awarding compensation on a petition filed under section 300aa-11 of this title the special master or court shall also award as part of such compensation an amount to cover--
>
> (A) <u>reasonable</u> attorneys' fees, and
>
> (B) other costs, incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court

> may award an amount of compensation to cover petitioner's <u>reasonable</u> attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e)(1) (emphasis added). In <u>Hall v. Secretary of Health & Human Services</u>, 640 F.3d 1351, the Federal Circuit cited the language from 42 U.S.C. § 300aa-15(e) regarding reasonable attorneys' fees  to highlight the Special Masters' discretion. The appellate court emphasized "Section 300aa–15(e) states that 'the special master or court shall also award as part of such compensation an amount to cover . . . reasonable attorneys' fees.' Thus, the statute leaves it to the special master's discretion to find what constitutes reasonable fees." <u>Hall v. Sec'y of Health & Human Servs.</u>, 640 F.3d at 1356. Therefore, there can be no doubt that the ultimate decision to award or not to award attorneys' fees and costs must be the result of the exercise of discretion by the Special Master after review of the request to determine reasonableness. The fact that the Special Master must exercise his or her discretion to determine the reasonableness of attorneys' fees and costs, however, does not address the responsibilities of the parties to the litigation. As in Judge Kaplan's decision in <u>Dominguez</u>, there can be no credible argument in the <u>McIntosh</u> case that Special Master Moran exercised any discretion at all – he simply awarded the full amount of costs and fees without any documented review or judgment as to the reasonableness of the attorneys' fees and costs, and as a result committed reversible error.

> Similarly, in <u>Dominguez</u>, Judge Kaplan noted that Special Master Moran

> made no independent reasonableness determination at all. Instead, he applied the "waiver" theory that he first articulated in <u>Swintosky</u>, which posits that if the government fails to lodge objections to the reasonableness of the fees and costs requested, then it is appropriate to grant the request in full without conducting any independent review. <u>Swintosky's</u> reasoning, however, was deeply flawed. In <u>Swintosky</u>, as in the present case [<u>Dominguez</u>], the Secretary [of the Department of Health and Human Services] declined to take a position regarding the reasonableness of the petitioner's fee request in its response to the petitioner's fee application. [<u>Swintosky v. Sec'y of Health & Human Servs.</u>,] 2017 WL 5899239, at *2. Instead, as in this case, he [the Secretary of the Department of Health and Human Services] recommended that the special master exercise his "discretion [to] determine a reasonable award." <u>Id.</u> (quotation omitted).

<u>Dominguez v. Sec'y of Health & Human Servs.</u>, 136 Fed. Cl. at 783.

> Also with reference to Vaccine Rule 20,[10] Special Master Moran in <u>Swintosky</u> indicated that a "fee application, as a motion, is also governed by Vaccine Rule 20, which

---

[10] As noted above, Vaccine Rule 20 is titled: "Motions and Other Papers; Time for Filing; Oral Argument," and,  states, in relevant part: "Unless otherwise provided in these rules

lays out general procedures and establishes deadlines for responses to motions. Thus, the silence in [42 U.S.C.] § 300aa–15(e) or in Vaccine Rule 13[11] on the Secretary's role does not excuse the Secretary from meeting an obligation to present meaningful arguments." Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239, at *4. The undersigned notes that Judge Kaplan in Dominguez observed:

> Rule 20, however, does not cross-reference Rule 13 or indicate in any way that it is applicable to fee petitions. Further, even if Rule 20 were somehow read to impose a requirement that the Secretary lodge specific objections to attorney fee applications, Rule 20 does not provide that a failure to respond will result in a default ruling as to an application for an award of attorneys' fees. And as at least one court has held, the violation of such a procedural rule cannot serve as sufficient justification for the issuance of an award of fees and costs without determining their reasonableness, because such a determination is statutorily mandated.

Dominguez v. Sec'y of Health & Human Servs., 136 Fed. Cl. at 785 (citing Jordan v. Mark IV Hair Styles, Inc., 806 F.2d 695, 697–98 (6th Cir. 1986)). The undersigned agrees with Judge Kaplan that there is no support for Special Master Moran's bald assertion in Swintosky that if the government does not respond to an attorneys' fees and costs request, that such failure would lead to a default judgment.

The undersigned also notes that Special Master Moran's decision to fully award petitioner's counsel's request for attorneys' fees and costs without any investigation or review in the above captioned McIntosh case is even more extreme than Special Master Moran's decision in Dominguez, because in Dominguez, Special Master Moran had considered a previous interim attorneys' fees and costs request from petitioner's counsel and found it generally reasonable.[12] Whereas in McIntosh, at no time had Special Master Moran examined any attorneys' fees and costs request from petitioner's counsel and

---

or by order of the special master or the court, a response or an objection to a written motion must be filed within 14 days after service of the motion." Vaccine Rule 20(b).

[11] Vaccine Rule 13 is titled: "Attorney's Fees and Costs," and, states, in relevant part: "Any request for attorney's fees and costs pursuant to 42 U.S.C. § 300aa-15(e) must be filed no later than 180 days after the entry of judgment or the filing of an order concluding proceedings under Vaccine Rule 10(d)(3) or 29," and that "[e]xcept for a request for fees and costs arising under Vaccine Rule 34(b), the clerk will forward the fee request to the special master for a decision thereon. The decision of the special master on the fee request—including a request for interim fees—constitutes a separate decision for purposes of Vaccine Rules 11, 18, and 23." See Vaccine Rule 13 (2017).

[12] After a much more lengthy examination than his examinations in either the most recent Dominguez decision or in the McIntosh decision, Special Master Moran awarded the Dominguez petitioner's counsel $25,817.50 of the $27,681.00 of the interim attorneys' fees sought and all $3,808.99 of the costs sought. See Dominguez v. Sec'y of Health & Human Servs., No. 12-378V, 2017 WL 1316961, at *8 (Fed. Cl. Spec. Mstr. Mar. 6, 2017).

determined it to be either reasonable or unreasonable. Rather, as noted above, in McIntosh, Special Master Moran only referenced the unsupported and flawed Swintosky decision to comment on respondent's lack of engagement on the attorneys' fees and costs request before awarding petitioner's counsel the full attorneys' fees and costs requested. Without any analysis, Special Master Moran did no more than rubberstamp petitioner's counsel's attorneys' fees and costs request, noting that the government had failed to properly engage in the attorneys' fees and costs process. As such, Special Master Moran did not meet his statutory responsibilities and he abused his discretion by failing to independently review the petitioner's counsel's motion for attorneys' fees and reimbursement of case costs to determine if the requested fees and costs were reasonable.

The court also highlights that among the Special Masters, Special Master Moran appears to be atypical in his interpretation that the respondent's failure to review attorneys' fees and costs requests with particularity constitutes waiver of respondent's ability to challenge the attorneys' fees and costs requests and allows him to award all the attorneys' fees and costs requested, without review. At oral argument, counsel for respondent pointed to other decisions issued by other Special Masters who, unlike Special Master Moran, continue to engage in a comprehensive review of the petitioners' counsels' attorneys' fees and costs requests.

> MR. JOHNSON: Actually, I don't believe there is a single other special master that has adopted this line of reasoning. In fact--
>
> THE COURT: So what are they doing -- what are the other special masters doing when the department takes its laid-back position?
>
> MR. JOHNSON: I actually printed out four cases this morning that have been issued this year from four different special masters. There is a case of J.M., this is 2018 West Law 1514433. This is from the Chief Special Master Dorsey, and she notes the Respondent's objection of saying we're leaving it to the special master's discretion. And then she goes through and she does a detailed analysis of the fee application and makes specific reductions. There's a case of Goins, and that's 2018 West Law 702104. . . . This is a decision from Special Master Roth, again doing essentially the same thing, noting Respondent's objection, but then going through and making reductions based on her review. There is a case of Blake, 2018 West Law 1125693. This is from Special Master Corcoran, again, the same thing. And then the case of J.T., 2018 West Law 1559800,[13] and this is from Special Master Millman, again, following the same approach where she notes the objections.

---

[13] The court notes that there is no Westlaw citation at "2018 West Law 1559800," nor a case called "J.T." Special Master Millman did issue a decision with Kimberly S. Thompson as the petitioner, with the Westlaw citation 2018 WL 1559799, in which she addressed the petitioner's counsel's request for attorneys' fees and costs, after noting:

The undersigned also notes that Special Master Moran was not without recourse to engage the government in the attorneys' fees and costs analysis process, although he made no attempts to do so. For example, the Special Master could have ordered the government to respond to petitioner's counsel's request for attorneys' fees and costs, whether that analysis was to be conducted by the Secretary of the Department of Health and Human Services, or the United States Department of Justice, or both in cooperation. Failure to respond to a specific order issued by the Special Master would have been in violation of the court order and Vaccine Rule 20 which states, in relevant part: "Unless otherwise provided in these rules or by order of the special master or the court, a response or an objection to a written motion must be filed within 14 days after service of the motion." Vaccine Rule 20(b) (emphasis added). For a failure by the respondent to respond to a court order, the Special Master could have determined the appropriate response.[14] The Special Master also could have strongly urged the parties to meet and confer and report back to the Special Master regarding efforts to reach an agreement on a possible settlement of attorneys' fees and costs. This approach would find support in the Guidelines for Practice Under the National Vaccine Injury Compensation Program, available on the United States Court of Federal Claims website. The Guidelines has a dedicated section regarding "Settlements and Alternative Dispute Resolution ('ADR')," and notes that "[s]ome special masters encourage settlement discussions between the parties. . . ." See the Guidelines for Practice Under the National Vaccine Injury Compensation Program https://www.uscfc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf (last visited June 14, 2018).

After review of the McIntosh case currently before this court, the undersigned agrees with Judge Kaplan on the assigned, and required, responsibilities of the Special Master in attorneys' fees and costs determinations, and further, does not find, as did Special Master Moran, that the respondent has waived all objections, despite the

---

Respondent did not raise any specific objections to petitioner's fee application in his response to petitioner's Interim Application for Fees and Costs. Instead, respondent deferred to the undersigned to determine whether or not petitioner has met the legal standard for an interim fees and costs award and respectfully recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs.

See Thompson v. Sec'y of Health & Human Servs., No. 16-29V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018).

[14] As noted above, however, Judge Kaplan in Dominguez observed, however, that "the violation of such a procedural rule cannot serve as sufficient justification for the issuance of an award of fees and costs without [the Special Master] determining their reasonableness, because such a determination is statutorily mandated." Dominguez v. Sec'y of Health & Human Servs., 136 Fed. Cl. at 785 (citing Jordan v. Mark IV Hair Styles, Inc., 806 F.2d at 697–98).

government's minimalist filings submitted to Special Master Moran in the <u>McIntosh</u> case. The Secretary's statement, that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," albeit not sufficient to meet the government's responsibilities, as discussed below, may have been an attempt to avoid full waiver. The undersigned notes, however, as did Judge Kaplan in <u>Dominguez</u>, that the respondent's limited response may have waived specific challenges to petitioner's counsel's request for attorneys' fees and costs. Determination of any specific waiver, however, is not appropriate at this time, given the court's decision, as indicated below, to remand the case to Special Master Moran.[15]

Despite Special Master Moran's failures in the above captioned <u>McIntosh</u> case, the court believes significant fault also lies with the government and its decision to unilaterally drop out of the litigation process for determining attorneys' fees and costs in Vaccine Act cases. The government's failure to engage in the process for determining reasonable attorneys' fees and costs, and, therefore, the inability for the parties to potentially engage in normal, time and cost saving, litigation settlement techniques, is, in the undersigned's view, not only unfortunate, but untenable. It is inappropriate for government litigators to decide, as a matter of policy, that they will not engage in a particular part of an ongoing case in which the government is the defending entity in federal court, even given the more relaxed evidentiary approach applicable in Vaccine Act cases. Such behavior represents an abrogation of the government's responsibility to

---

[15] In a footnote, Judge Kaplan's <u>Dominguez</u> opinion stated:

> Of course, the Secretary's failure to object to any part of the fee application is not without consequence under the Vaccine Rules. To the contrary, it results in a waiver of the Secretary's right to press any such objections on appeal of the attorney fee award. <u>See</u> Vaccine Rule 8(f)(1) ("Any fact or argument not raised specifically in the record before the special master will be considered waived and cannot be raised by either party in proceedings on review of a special master's decision."); <u>Weddel v. Sec'y of HHS</u>, 23 F.3d 388, 390 n.2 (Fed. Cir. 1994) (noting that Vaccine Rule 8(f) "expressly forbid[s]" the court from considering arguments not raised before the special master); <u>McMillan ex rel. McMillan v. Sec'y of HHS</u>, 26 Cl. Ct. 357, 358 (1992) (where government failed to raise any objections to fee petition before special master and special master found the fee request reasonable and awarded the same, government waived its right to raise specific objections to that award in a motion for review, based on Vaccine Rule 8(f) and on the general rule of waiver resulting from a party's failure to object). Apparently, the Secretary has determined that waiver of the right to challenge specific aspects of a special master's fee determination is an acceptable price to pay for the time saved in responding to fee applications.

<u>Dominguez v. Sec'y of Health & Human Servs.</u>, 136 Fed. Cl. at 785 n.4.

protect how funds from the Vaccine Trust Fund are applied.[16] As documented in respondent's April 19, 2018 submission to the court, "[a]mounts in the Trust Fund are generated primarily through an excise tax on specific vaccines," and "[t]he Department of Health and Human Services 'makes Court-ordered compensation payments' in compliance with judgments issued by the Court. Judgments issued by the Court are forwarded to HHS by personnel within the Department of Justice; HHS then processes the judgments and submits them to Treasury for payment." (internal references omitted). Respondent argues in its submission, "[o]ther than limiting the purposes for which the Trust Fund may be used, neither the provision in the Internal Revenue Code creating the Trust Fund, nor the Vaccine Act itself, places any specific responsibility on the Departments of Treasury, HHS, or DOJ (collectively, 'the government') for 'preserving' the Trust Fund." The undersigned, however, believes that the government agencies, in fact, have responsibilities to ensure that public funds, administered by the government, such as the Vaccine Trust Fund, which is collected from the citizenry, the constituency which both the Department of Justice and the Department of Health and Human Services serve, are used only for their intended purposes. A complete refusal or failure by the government even to review the attorneys' fees and costs applications submitted by petitioners' counsel removes a valuable check against the potential for the award of undeserved attorneys' fees and costs.[17] Moreover, undue depletion of the Vaccine Trust Fund possibly leaves diminished funds available to worthy Vaccine Act petitioners seeking compensation. It also undermines the litigation process for one party to completely remove itself from part of the proceedings.[18] The Department of Justice

---

[16] Judge Kaplan's decision, however, takes a different position and indicates that the Vaccine Rules impose "no obligation on the Secretary to respond." Dominguez v. Sec'y of Health & Human Servs., 136 Fed. Cl. at 785. The undersigned observes that the Vaccine Rules are silent on the obligations of the government with regard to its role in the vaccine compensation litigation with respect to attorneys' fees or costs requests, and that the adversarial responsibilities of petitioner and respondent are not generally defined or assigned to parties in litigation.

[17] The court is in no way is impugning the integrity of the petitioner's attorneys in McIntosh, or passing any judgment at this time on the validity of the request for attorneys' fees and costs submitted in the above captioned case. As the court observed at the oral argument: "I understand that your law firm has a good reputation, and that's not at issue in this [review of the] case, though it's not the situation in every one of the cases I've seen coming up through the Vaccine Program."

[18] The Federal Circuit has noted that "[t]he Vaccine Program is more generous to petitioners than civil tort actions in some ways, e.g., presumption of causation, less-adversarial proceedings, and relaxed rules of evidence," Griglock v. Sec'y of Health & Human Servs., 687 F.3d 1371, 1376 (Fed. Cir. 2012). The National Vaccine Injury Compensation Program decisions are, however, still subject to possible review after a decision by the Special Masters, initially, in the United States Court of Federal Claims, as well as possibly in appeals to the United States Court of Appeals for the Federal Circuit and the United States Supreme Court. Moreover, the Vaccine Rules, discussed above,

represents the Secretary of the Department of Health and Human Services in all parts of a Vaccine Act case, including petitions for entitlement to compensation and petitioners' counsels' requests for reasonable attorneys' fees and costs. The respondent should not be allowed to unilaterally walk away from the any part of a Vaccine Act case. The Special Masters should be able to rely on the respondent's attorneys to assist in evaluating the reasonableness and validity of each portion of the case, even though the Vaccine Act and the Vaccine Rules are silent on respondent's responsibilities in the attorneys' fees and costs determination.[19]

In Dominguez, Judge Kaplan recognized the burden of evaluating attorneys' fees and costs applications and made a plea for approving such attorneys' fees and costs requests in a more cooperative manner. The undersigned agrees. Judge Kaplan wrote:

> In closing, the Court notes that it is not unsympathetic to the toll that attorneys' fees litigation takes on the time of the special masters and on the Vaccine Program, particularly given the right of vaccine petitioners to file multiple requests for awards of interim attorneys' fees while their cases are pending. Even when the opposing party assists a tribunal by drawing attention to potential defects in a fee application, the adjudication of fee requests is often tedious and time consuming. The time a special master spends poring over fee applications is time that he or she cannot spend deciding requests for compensation by injured petitioners. It would be in all parties' interests (and in the interest of the Vaccine Program itself) if fee requests could be resolved by settlement and without the special masters' intervention. But these considerations, while compelling, obviously cannot serve as justifications for dispensing with the statutory requirement that special masters review and make determinations regarding the reasonableness of fee applications.

Dominguez v. Sec'y of Health & Human Servs., 136 Fed. Cl. at 786.

The undersigned also is aware of the burdens fee requests can place on reviewing officials, including the Office of Special Masters, the Department of Justice, and the Secretary of the Department of Health and Human Services. The undersigned, however,

---

are an appendix to the Rules of the United States Court of Federal Claims and the Office of Special Masters is part of the United States Court of Federal Claims.

[19] To the extent that respondent is relying on Saxton v. Secretary of Health & Human Services, 3 F.3d at 1520, that "[t]he determination of the amount of reasonable attorneys' fees is within the special master's discretion," and that the Special Master has "wide discretion in determining the reasonableness of costs, as well as attorneys' fees," citing Perreira v. Secretary of Health & Human Services, 27 Fed. Cl. at 34, and to any other cases cited in Saxton to the same effect, those statements are correct and uncontroversial.  These two cases do not address the role of respondent in establishing the reasonableness of attorneys' fees and costs or the ability of the government to simply walk away and refuse to engage before a Vaccine Act case is completed.

cannot overlook the statutory obligations of the Special Masters, or the assigned financial oversight and litigation obligations of the respondent, to engage in the review of attorneys' fees and costs requests to determine their reasonableness. In addition to Judge Kaplan, the undersigned implores the participants in Vaccine Act cases to reconsider their positions on engaging in discussions and settlement proceedings to resolve attorneys' fees and costs requests, which necessarily would require, regardless of the settlement mechanism developed, some analysis by all parties on the reasonableness of the fees and costs requests submitted by petitioners' counsel. The undersigned emphasizes that finding alternative and creative ways to resolve attorneys' fees and costs disputes must be encouraged. Throughout court systems, federal and state, settlements by parties, including use of Alternative Dispute Resolution, relieve the burdens of all participants involved in disposition of cases. It is wrong that Secretary of the Department of Health and Human Services and the Department of Justice should unilaterally refuse to engage in the normal litigation process for requests for attorneys' fees and costs, which generally involves review by both sides, and possible settlement in the appropriate cases. Moreover, even as respondent has decided to forgo its obligation to be involved in the fee dispute process before the Special Masters, respondent, nonetheless, has chosen to remain involved by filing motions for review in the above captioned McIntosh case, as well as in Dominguez v. Secretary of Health & Human Services, 136 Fed. Cl. 779 and Spahn v. Secretary of Health & Human Services, 2017 WL 6945560. As both Judge Kaplan in Dominguez, and the undersigned in the above captioned McIntosh case, have found, although waiver and full award of requested attorneys' fees and costs without independent review of the request for attorneys' fees and costs was not an appropriate conclusion for Special Master Moran to have drawn when the respondent failed to more fully engage in the attorneys' fees and costs process, respondent remains part of the attorneys' fees and costs process and should return to respondent's role of participating more fully, not only regarding litigation of entitlement, but also regarding resolution of attorneys' fees  and costs requests.


## CONCLUSION

As determined above, Special Master Moran abused his discretion by improperly failing to independently review the petitioner's counsel's request for attorneys' fees and costs to determine if the attorneys' fees and costs were reasonable. Therefore, the respondent's motion for review is **GRANTED IN PART**. The court, however, also concludes that the government inappropriately failed to engage in the review of petitioner's counsel's specific request for attorneys' fees and costs by unilaterally declaring it would not participate in the review of petitioners' counsels' motions for attorneys' fees and costs in all cases, including McIntosh. While the government does not have a specifically articulated statutory obligation like the Special Masters in Vaccine Act cases regarding determination of the reasonableness of fees and costs, as an integral partner in the Vaccine Program litigation, with an obligation to respond to petitioner's filings, and given the government's duty to guard the public dollars, the undersigned believes attorneys' fees and costs applications trigger the duty for the government to respond to requests for payment out of the Vaccine Trust Fund. Therefore, the

government has failed to meet its responsibilities. It is entirely inappropriate for the United States Department of Justice and the United States Department of Health and Human Services to walk away from participating in a statutorily mandated part of the Vaccine Program which also establishes a fee shifting opportunity in the appropriate Vaccine Act cases. Regardless of the government's decision regarding review of attorneys' fees and costs requests, however, an attorneys' fees and costs award should never be a default decision by the Special Master without review of the request to determine whether the request is reasonable. The above captioned case is **REMANDED** to Special Master Moran for further review of petitioner's counsel's request for attorneys' fees and costs, consistent with this opinion.

      **IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**
