# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ETTA B. McINTOSH, | * | |
| | * | |
| | * | No. 16-29V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: August 28, 2018 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees & costs, remand, |
| | * | legal research costs |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Jennifer Anne Gore Maglio, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for Respondent.

**PUBLISHED DECISION ON REMAND AWARDING ATTORNEYS' FEES AND COSTS**[1]

Ms. McIntosh has filed two motions for attorneys' fees and costs, totaling $65,510.13. She is awarded $63,022.29.

**Procedural History**

Ms. McIntosh filed her petition for compensation under the Vaccine Act on January 7, 2016. On August 11, 2017, the undersigned awarded her compensation based upon a stipulation she entered with the Secretary. Decision, 2017 WL 3910145. On November 29, 2017, Ms. McIntosh moved for an award of her fees and costs, requesting $16,447.78.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On December 13, 2017, respondent filed his response to Ms. McIntosh's motion. Respondent stated that he was "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and did not object to Ms. McIntosh's request. Resp't's Resp. at 2. Rather, respondent deferred to the undersigned to "exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

Based on the rationale expressed in Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017), the undersigned awarded Ms. McIntosh the full amount of her request for fees and costs without reviewing the reasonableness of the request. Fees Decision, issued Dec. 18, 2017, 2017 WL 6945565.

On January 16, 2018, respondent moved for a review of the undersigned's decision. Ms. McIntosh responded to the government's motion on February 15, 2018, and the government replied on March 9, 2018. Oral argument was held in front of Judge Horn on April 13, 2018. During the argument, the Court inquired about the government's participation in resolving motions for attorneys' fees, and the Secretary indicated that he would participate if ordered to do so:

> THE COURT: If Special Master Moran, who may not have wanted to do the work alone, . . . had decided . . . I'm going to ask the Department of Justice to weigh in here and issued an order to do that, what would the Department have done?
>
> MR. JOHNSON: [W]e obviously take our duty to comply with orders seriously, and I think we have done our best to provide some guidance to the special master.

Transcript, Oral Argument on April 13, 2018, 27-28.

Following argument, the Court granted respondent's motion, stating that the undersigned abused his discretion by awarding the fees motion without independently reviewing the fees motion for reasonableness. Opinion and Order, 2018 WL 3343249, at *14 (Fed. Cl. June 14, 2018).

The Court also noted, however, that respondent had "inappropriately failed to engage in the review of petitioner's counsel's specific request for attorneys' fees and costs." Id. The Court further stated that the undersigned "could have ordered the government to respond to petitioner's counsel's request for attorneys' fees and costs." Id. at 12. Judge Horn also noted that "[f]ailure to respond to a specific

2

order issued by the Special Master would have been in violation of the court order and Vaccine Rule 20," leaving the undersigned able to determine an "appropriate response." Id.  The Court remanded the matter for an adjudication of attorneys' fees.

On June 28, 2018, citing the Court's opinion, the undersigned ordered the Secretary to respond to Ms. McIntosh's motion for fees and costs, presenting respondent with specific questions to answer pertaining to the reasonableness of Ms. McIntosh's motion.

On July 12, 2018, respondent filed a lengthy response, stating that, despite Judge Horn's statement, the undersigned did not have the authority to order respondent to provide a substantive response to Ms. McIntosh's motion for fees and costs.  Nevertheless, the Secretary did provide a substantive, albeit brief, response.  The Secretary stated that he continued to have no objection to the fee application and that "if respondent had not stopped proposing ranges after the special masters rejected that approach, respondent likely would have agreed to this particular fee application being filed unopposed, since the overall amount falls within the range respondent likely would have proposed."  Resp't's Resp. at 15.

Ms. McIntosh filed a reply on July 19, 2018.  Although Ms. McIntosh contended that much of the Secretary's arguments in the Secretary's July 12, 2018 response was "irrelevant" to her motion for attorneys' fees and costs, she "feels compelled to respond to Respondent's filing."  Pet'r's Reply, filed July 19, 2018, at 2.

On July 19, 2018, Ms. McIntosh also filed a supplemental motion for fees and costs, requesting an additional $49,062.35 in attorneys' fees and costs for the proceedings following the government's motion for review.  On July 30, 2018, respondent filed his response to Ms. McIntosh's fees motion, stating that he was satisfied that the statutory requirements for an award of attorneys' fees and costs were met in the case and that the fees award was within the undersigned's discretion.  On that same day, Ms. McIntosh filed a reply brief, arguing that, inter alia, respondent's decision to not present a position on petitioner's request overly burdens both petitioners and the court.  Furthermore, Ms. McIntosh reiterated that she has met her burden in establishing that her request for fees and costs is reasonable.

Vaccine Rule 34 prescribes that this second fees motion "may be decided either by the assigned judge or by the special master on remand."  Through informal communication, Judge Horn has directed that the undersigned evaluate

Ms. McIntosh's supplemental fees motion. Thus, the two motions are ripe for adjudication.

## Analysis

Because Ms. McIntosh received compensation, she is entitled to a reasonable amount of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Those two components are discussed below.

### I.     Attorneys' Fees

To determine reasonable attorneys' fees under the Vaccine Act, the Federal Circuit has approved the lodestar approach. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, the court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, an adjustment is not required.

#### A.     Reasonable Hourly Rates

Ms. McIntosh's two fees motions request reimbursement for work performed by multiple attorneys, paralegals, and law clerks. The undersigned finds the requested rates to be reasonable.

#### B.     Reasonable Number of Hours

In the original motion for the proceedings prior to the motion for review, Ms. McIntosh requested compensation for 26.7 hours of work from attorneys and 40.5 hours of work from paralegals and law clerks. The undersigned finds the requested hours to be reasonable for a case of this nature. See Resp't's Resp., filed July 12, 2018.

For the proceedings following the motion for review, Ms. McIntosh requested compensation for 139 hours of work from attorneys and 7.7 hours of work from paralegals and law clerks.

The undersigned has some concern about the sheer number of hours expended preparing the brief submitted on the motion for review as well as the hours spent preparing for oral argument in front of Judge Horn. Comments on the reasonableness of the billing entries from respondent might have been informative because respondent's attorneys were filing briefs and preparing for oral argument

4

on the same issues of law.  However, in response to the motion for supplemental fees, respondent has not provided any substantive analysis.

     Although the number of hours spent responding to the motion for review is larger than typical, the number is basically reasonable.  Primarily, before the judges at the Court of Federal Claims answered the question, the issue of whether special masters may find the Secretary waived any objections to the amount requested in attorneys' fees and costs after the Secretary defers to the special masters' expertise was unresolved.  The judges have now answered the question.  But, at the time of responding to the motion for review, Ms. McIntosh's counsel was arguing an open question.  The novelty of the issue justifies the investment of time and resources.  In addition, the Secretary's motion for review necessitated research and argument that had not been put forth before the special master.  The more refined arguments in the Secretary's motion for review further explains why the number of hours devoted by Ms. McIntosh's counsel is relatively high.  Finally, the Court conducted oral argument and the preparation for oral argument naturally required time.  Actually, preparation for oral argument occurred twice as the Court had closed for inclement weather on the original date for oral argument.

     While the number of requested hours is generally reasonable, some entries are excessive and not consistent with requirements for attorneys' fees awards in this Program.  The records indicate that an attorney at times performed tasks of a paralegal, such as preparing the table of contents and a title page.  When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work.  See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties").  Similarly, paralegals sometimes performed clerical tasks, such as filing documents, for which there should be no charge.  Activities that are "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).  The undersigned finds that a reduction of $1,000 is appropriate to address these concerns.

## II.    Costs

     The Vaccine Act also permits an award of costs.  42 U.S.C. § 300aa-15(e).  Like attorneys' fees, a request for reimbursement of incurred costs must be reasonable and supported by documentation.  See Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

When a requested cost does not appear reasonable, special masters may not award such a cost if it is undocumented and explained. See Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *15 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. den'd (slip op. Dec. 10, 2009), aff'd, 406 F. App'x 479 (Fed. Cir. 2011); Long v. Sec'y of Health & Human Servs., No. 91-326, 1995 WL 774600, at *8 (Fed. Cl. Spec. Mstr. Dec. 21, 1995) (special masters "cannot compensate petitioner for undocumented, unexplained charges").

Here, Ms. McIntosh moves for reimbursement of $1,307.98 in costs associated with the proceedings before the motion for review and $2,592.15 in costs associated with proceedings following the motion for review. All costs associated with the proceedings prior to the motion for review appear reasonable and are awarded in full.

However, for the proceedings following the motion for review, Ms. McIntosh has requested reimbursement of $1,487.84 in costs related to legal research. This represents more than half of all costs related to that portion of the proceedings. While the motion for review involved questions of law that assuredly required research on the part of Ms. McIntosh, the present motion failed to provide any supporting documentation for the nearly fifteen hundred dollars' worth of legal research, documentation that is necessary to show that that these costs were actually incurred specifically and are reasonable expenditures. See Forrest v. Sec'y of Health & Human Servs., No. 10-32V, 2018 WL 3029330, at *3 (Fed. Cl. Spec. Mstr. May 22, 2018) (noting that a subscription to a legal database is an overhead costs). This omission is all the more striking when considering that Ms. McIntosh included receipts for cabs and lunches of amounts less than $20. Without the documentation, the undersigned is not inclined to deem the expenses reasonable.

*   *   *

Accordingly, Ms. McIntosh is awarded:

**A lump sum of $63,022.29 in the form of a check made payable to petitioner and petitioner's attorney, Jennifer Anne Gore Maglio.**

This amount represents reimbursement of attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith. The Clerk's Office is also directed to provide this decision to the presiding judge pursuant to Vaccine Rule 28.1(a).

<u>S/Christian J. Moran</u>
Christian J. Moran
Special Master
